## THOMAS A. DORSEY *v.* JAMES H. SEARS.

**Husband and Wife—Liability of Wife for Necessaries.**
Where goods are purchased on the wife's credit by the husband and were necessaries for the family, the estate of the wife may be subjected to pay for them.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

February 10, 1876.

OPINION BY JUDGE PRYOR:

The evidence is conclusive that the goods were purchased upon the credit of the wife and were necessaries for the family. The word necessaries includes not only such articles as were purchased by the wife, but such as were purchased by the husband and charged to the wife for his use.

The husband purchased clothes that were suitable to his condition in life, and of no greater value than the wife with her small estate could afford to expend upon him. He was insolvent. The account was charged to the wife, and every article purchased or with which she was charged were necessaries for the family. It was not necessary that she should have given her obligation with the husband at the time she bought the goods. After the account fell due the husband and wife executed their joint note for the money, and the credit having been given to her, the estate of the wife should have been subjected to its payment. The merchant and his clerk both make out a clear case under the statute, and the only evidence relied on to rebut their statements is that of the husband, and his statements conduce to corroborate their testimony.

In purchasing boards to cover part of the building owned by the wife, the husband gave to the merchant an order in the wife's name

to pay the vendor in goods and charge to the wife. This could not have been done if the credit was given to the husband or the latter looked to for payment of the account. Contracts made by the husband for his own purposes, such as the purchase of stock or the renting of lands, may not come within the rule, but as the facts are presented in this record there is no reason for shielding the estate of the wife from the payment of these goods.

The only appeal on this record is that of Dorsey against the appellee. The judgment dismissing the petition as to Dorsey is *reversed* and cause remanded with directions to subject the estate of the wife to the payment of the debt.

*Thomas Kennedy, for appellant. Hargis & Norvell, for appellee.*